PAUL J. FISHMAN
United States Attorney
SUSAN HANDLER-MENAHEM
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. 973-645-2843

ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARKEITH DAIS, AN INFANT BY HIS GUARDIAN AD LITEM, MICHELLE DAIS-HARVEY, AND MICHELLE DAIS-HARVEY, INDIVIDUALLY,, <br><br> *Plaintiffs,* <br><br> v. <br><br> PATERSON COMMUNITY HEALTH CENTER, DR. GURMIT CHILANA, M.D., DR. SHORT, JOHN DOE, 1-100 (FICTIOUS NAME), <br><br> *Defendants.* | Hon. <br><br> Civil Action No. <br><br> **NOTICE OF REMOVAL** |

1

To:   Superior Court for New Jersey
Law Division, Passaic County
77 Hamilton Street
Paterson, New Jersey 07505


Jennifer Perez, Acting Clerk
Superior Court of New Jersey
Hughes Justice Complex
P.O. Box 971
Trenton, NJ  08625

Robert G. Hicks, Esq.
Javerbaum, Wurgaft, Hicks, Kahn,
Wikstrom & Sinins
Park Place Legal
959 South Springfield Avenue
Springfield, New Jersey 07081
Attorney for Plaintiffs/Markeith
Dais, an infant by his Guardian Ad
Litem, Michelle Dais-Harvey and
Michelle Dais-Harvey, individually.

Craig S. Combs, Esq.
Giblin & Combs
10 Madison Ave, Suite 9
Morristown, New Jersey 07962
Attorneys for Defendant, Paterson
Community Health Center

James B. Sharp, Esq.
James B. Sharp & Associates, LLC
4 Campus Drive
P.O. Box 431
Parsippany, New Jersey 07054
Attorneys for Defendant, Gurmit
Chilana, M.D.

PLEASE TAKE NOTICE that the above-captioned action, previously pending in the Superior Court of New Jersey, Law Division, Passaic County, Docket Number L-2613-07, is hereby removed to the United States District Court for the District of New Jersey.  Defendant Paterson Community Health Center, recites as grounds therefor the following:

1.     Paterson Community Health Center is named as a defendant in the above-captioned action in the Superior Court of New Jersey, Law Division, Passaic County, Docket Number L-2613-07.  A copy of the Summons and

2

Complaint are attached as Exhibit 1.

2.     Plaintiffs Markeith Dais, and Michelle Dais-Harvey have demanded judgment, damages, fees, interest and costs of suit, for injuries they allegedly sustained as the result of the negligence of several defendants including Paterson Community Health Center regarding the provision of medical services.

3.     Paterson Community Health Center, is a federally funded health center. In accordance with the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), the United States Department of Health & Human Services, Health Resources and Services Administration, Bureau of Primary Health Care deemed Paterson Community Health Center, Inc. to be an entity eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 as of December 15, 1993 (renewed 2008) pursuant to 42 U.S.C. § 233(g). FSHCAA provides that the FTCA remedy against the United States for "damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions" shall be exclusive of any other civil action or proceedings against deemed entities and their employees. 42 U.S.C. § 233(a).

4.     The United States Attorney's Office for the District of New Jersey, pursuant to 28 U.S.C. § 2679(d), 42 U.S.C. § 233(c) and the delegation of authority in 28 C.F.R. § 15.4, has certified that, since December 15, 1993, the Paterson Community Health Center was acting within the scope of employment for the United States of America in providing medical care to plaintiffs.   The

3

Certification of Scope of Employment is attached as Exhibit 2.

5.    Plaintiffs' action against the Paterson Community Health Center is therefore governed by the FSHCAA and FTCA.  The United States of America is the sole party defendant cognizable under the FTCA for alleged acts of negligence by its deemed employees.  28 U.S.C. § 2679(b).  Moreover, the only waiver of sovereign immunity on the part of the United States to be sued for actions in tort is contained in the FTCA.

6.    This action is deemed to be an action against the United States and shall proceed against the United States, because the Paterson Community Health Center was acting within the scope of federal employment pursuant to 28 U.S.C. § 2679(d).  The United States, however, has not been served with process.

8.    The United States District Courts have exclusive jurisdiction over civil actions against the United States such as this one.  28 U.S.C. § 1346(b).

9.    Pursuant to 28 U.S.C. §§ 1441(b), 2679(d)(2) and 42 U.S.C. § 233(c), this action must be removed to United States District Court.  No bond is required.

WHEREFORE, in accordance with 28 U.S.C. §§ 1441(b), 2679(d) and 42 U.S.C. § 233(c), the above-captioned action, brought in the Superior

4

Court of New Jersey, Law Division, Passaic County, is now removed to this

Court for further proceedings.

Dated: August 10, 2010
        Newark, New Jersey

                                    PAUL J. FISHMAN
                                    United States Attorney

By:     *Susan Handler-Menahem*
                          SUSAN HANDLER-MENAHEM
                          Assistant U.S. Attorney

# EXHIBIT 1

**JAVERBAUM WURGAFT HICKS KAHN**
 **WIKSTROM & SININS**
**Park Place Legal Center**
**959 South Springfield Avenue**
**Springfield, New Jersey 07081**
**Telephone No. (973) 379-4200**
**Attorneys for Plaintiff**

RECEIVED & FILED
SUPERIOR COURT OF NEW JERSEY
JUL 2 1 2007
PASSAIC COUNTY

------------------------------- SUPERIOR COURT OF NEW JERSEY
Plaintiffs                      LAW DIVISION: PASSAIC COUNTY

  MARKEITH DAIS, an-Infant by
  his Guardian ad Litem,
  MICHELLE DAIS-HARVEY, and
  MICHELLE DAIS-HARVEY,
  Individually

                                Docket No. **L-2613-07**

            vs.                 CIVIL ACTION

Defendant(s)

  PATERSON COMMUNITY HEALTH        **MEDICAL MALPRACTICE COMPLAINT**
  CENTER, DR. GURMIT CHILANA,         **DEMAND FOR JURY TRIAL**
  M.D., DR. SHORT, JOHN DOE,      **DESIGNATION OF TRIAL ATTORNEY**
  1-100 (a fictitious name)      **AND DEMAND FOR TRANSCRIPTION AND**
                                   **DEMAND FOR ANSWERS TO**
                                        **INTERROGATORIES**

------------------------------------

     Plaintiff, Markeith Dais, an infant by his Guardian ad Litem, Michelle

Dais-Harvey, and Michelle Dais-Harvey, individually, residing at 345

Harrison Street in the City of Passaic, County of Passaic and State of New

Jersey, complaining of the Defendants, deposes and says:

                              **FIRST COUNT**

     1. At all times relevant herein, Defendant, Paterson Community Health

Center, was a partnership, association and/or professional corporation

engaged in providing medical services at its principal location of 32

Clinton Street, Paterson, New Jersey, and holding itself out to the general

public as a facility providing reasonably competent medical care and

employing reasonably skilled medical personnel.

     2.  Defendant, Paterson Community Health Center, as a partnership,

association and/or professional corporation engaged in providing medical

services, owed a duty to provide its patients with reasonably competent

medical personnel who exercise the requisite degree of skill, care and judgment exercised by other similar medical personnel in their profession.

3. At all times relevant herein, Defendants, Dr. Gurmit S. Chilana, MD, Dr. Short, and/or John Doe, 1-100 (a fictitious name), were medical doctors and/or other licensed medical providers licensed by, and practicing in the State of New Jersey, and employed by, or were partners, associates or otherwise were affiliated with the medical facility of Defendant, Paterson Community Health Center.

4. Defendants, Dr. Gurmit S. Chilana, MD, Dr. Short and/or John Doe, 1-100 (a fictitious name), as medical doctors and/or other licensed medical providers licensed by, and practicing in the State of New Jersey, owed a duty to perform all necessary procedures to properly diagnose and/or treat their patients with the requisite degree of skill, care and judgment exercised by other physicians and/or medical providers practicing in the profession.

5. In or about December 3, 1993, Plaintiff, Michelle Dais-Harvey, came under the care and treatment of Defendants, Paterson Community Health Center, Dr. Gurmit S. Chilana, MD, Dr. Short and/or John Doe, 1-100 (a fictitious name), for prenatal care and delivery of an expected child.

6. Defendants, Paterson Community Health Center, Dr. Gurmit S. Chilana, MD, Dr. Short and/or John Doe, 1-100 (a fictitious name), did so negligently and carelessly examine and/or treat Plaintiff, so as fail to diagnose and properly treat intrauterine growth restriction and/or other complications related to Plaintiff's pregnancy.

7. As a direct and proximate result of the negligence of Defendants, Paterson Community Health Center, Dr. Gurmit S. Chilana, MD, Dr. Short and/or John Doe, 1-100 (a fictitious name), as aforesaid, Plaintiff, Michelle Dais-Harvey, was deprived appropriate medical treatment and on or about July 12, 1994, was caused give birth to the infant plaintiff,

Markeith Dais with multiple disabilities and was caused to incur medical expenses and was otherwise damaged.

8.   Defendant, Paterson Community Health Center, is liable for the negligence of Defendants, Dr. Gurmit S. Chilana, MD, Dr. Short and/or John Doe, 1-100 (a fictitious name), under the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Markeith Dais, an infant by his Guardian ad Litem, Michelle Dais-Harvey, and Michelle Dais-Harvey, individually demand judgment against Defendants, Paterson Community Health Center, Dr. Gurmit S. Chilana, MD, Dr. Short and/or John Doe, 1-100 (a fictitious name), jointly, severally or in the alternative, in the amount of her damages, together with interest and costs of suit.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a Trial by jury as to all issues.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

### NOTICE OF TRIAL COUNSEL

Please take notice that Robert G. Hicks, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, pursuant to Rule 4:25 et. seq.

> JAVERBAUM WURGAFT HICKS KAHN
> WIKSTROM & SININS
> Attorneys for Plaintiffs
>
> by: _____
> Robert G. Hicks

### DEMAND FOR TRANSCRIPTION AND OFFICE RECORDS

Plaintiff hereby demands that the Defendant produce a certified copy of all office records, telephone calls, billing and payments as well as a typed transcription of any and all of his/her handwritten office records and/or hospital records, within 30 days of service of the Complaint.

### DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to Uniform Interrogatories Form C and Form C(3) within 60 days of the filing of defendant's Answer to this Complaint. **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached Supplemental Interrogatories within 60 days of the filing of defendant's answer to this Complaint.

### SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether this defendant has ever served as an expert witness in any matter including, but not limited to matters where you were formally named as an expert, matters in which you provided an expert opinion without being formally named as an expert, etc., and set forth the name of the matter or matters, the name of the attorney or other entity retaining you, whether you testified in either a deposition or at trial and annex hereto copies of any and all reports rendered by you.

S2.  As to each person identified in your answer to **Form C Uniform Interrogatory 4**, set forth a summary of all relevant facts relating to this case known to each such person.

S3. Please describe in complete detail the physical examination which you performed on the plaintiff the first time you saw the plaintiff for the problem for which you were attending the plaintiff, and submit a comprehensive list of your findings.

S4.  If you have been certified in any specialty by the National Board of Medical Examiners or by any American Specialty or sub-specialty board, please name each such specialty and/or sub-speciality board by which you are certified and the date of your certification.

S5.  Please describe in detail the course of the plaintiff's illness from the time you first undertook the plaintiff's care for the problem for which you were attending to the plaintiff until your professional relationship with the plaintiff terminated.

S6.  Please submit a comprehensive list of all diagnostic tests or medical procedures, including routine blood and urine studies, which you ordered or performed on the plaintiff or which were ordered or performed on the plaintiff by someone acting in your behalf, from the time you first undertook the plaintiff's care until your professional relationship with the plaintiff terminated, and indicate as to each such diagnostic test or medical procedure, the date and time it was ordered, the date and time it was performed, the reason it was felt necessary that it be performed, and the test results.

S7.  Please specify precisely and describe fully the treatment, including drugs (with dosages, routes and duration of administration) IV fluids, surgery, physiotherapy, prosthesis, bandages and any other therapeutic agents or measures, which you ordered or prescribed for the plaintiff from the time you first undertook the plaintiff's care until the time when your professional relationship with the plaintiff terminated, indicating as to each the date, time and manner in which you ordered or prescribed it, the date and time it was instituted and the date and time it was completed or discontinued.

S8.  State whether any photographs, videos or other recordings of any type were made of any treatment or procedure performed upon the plaintiff and if so identify all such photographs, videos or other recordings and provide a copy of all such photographs, videos or other recordings herewith.

DATED:  June 20, 2007

 

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1.  OTHER ACTIONS PENDING............................YES_____ NO__X__

    A.  If YES - Parties to other Pending Actions.

    B.  In my opinion, the following parties should be joined in the within pending Cause of Action.

2.  OTHER ACTIONS CONTEMPLATED?.......................YES_____ NO__X__

    A.  If YES - Parties contemplated to be joined, in other Causes of Action.

3.  ARBITRATION PROCEEDINGS PENDING?..................YES_____ NO__X__
    A.  If YES - Parties to Arbitration Proceedings.

    B.  In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4.  OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?........YES_____ NO__X__
    A.  If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

DATED: June 20, 2007

RECEIVED
PASSAIC COUNTY
SHERIFF'S OFFICE

JAVERBAUM WURGAFT HICKS KAHN
 WIKSTROM & SININS                          2007 JUL -6  A II: 31
Park Place Legal Center
959 South Springfield Avenue
Springfield, New Jersey 07081
Telephone No. (973) 379-4200
Attorneys for Plaintiff
----------------------------------- SUPERIOR COURT OF NEW JERSEY
Plaintiff(s)                          LAW DIVISION: PASSAIC COUNTY
 MARKEITH DAIS, an Infant by his
 Guardian ad Litem, MICHELLE DAIS-
 HARVEY, and MICHELLE DAIS-HARVEY
 Individually                         Docket No. PAS-L-2613-07

            vs.                              CIVIL ACTION
                                               SUMMONS
Defendant(s)
 PATERSON COMMUNITY HEALTH CENTER,
 DR. GURMIT CHILANA, DR. SHORT,
 JOHN DOE, 1-100 (a fictitious name)
-----------------------------------
FROM THE STATE OF NEW JERSEY, To The Defendant(s) Named Above:
                 Paterson Community Health Center
        The plaintiff, named above, has filed a lawsuit against you in the Superior
Court of New Jersey. The complaint attached to this summons states the basis for
this lawsuit. If you dispute this complaint, you or your attorney must file a
written answer or motion and proof of service with the deputy clerk of the
Superior Court in the county listed above within 35 days from the date you
received this summons, not counting the date you received it. (The address of
each deputy clerk of the Superior Court is provided.) If the complaint is one
in foreclosure, then you must file your written answer or motion and proof of
service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971,
Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior
Court and a completed Case Information Statement (available from the deputy clerk
of the Superior Court) must accompany your answer or motion when it is filed.
You must also send a copy of your answer or motion to plaintiff's attorney whose
name and address appear above, or to plaintiff, if no attorney is named above.
A telephone call will not protect your rights; you must file and serve a written
answer or motion (with fee and completed Case Information Statement) if you want
the court to hear your defense.
        If you do not file and serve a written answer or motion within 35 days, the
court may enter a judgment against you for the relief plaintiff demands, plus
interest and costs of suit. If judgment is entered against you, the Sheriff may
seize your money, wages or property to pay all or part of the judgment.
        If you cannot afford an Attorney, you may call the Legal Services office in
the county where you live. A list of these offices is provided. If you do not
have an attorney and are not eligible for free legal assistance, you may obtain
a referral to an attorney by calling one of the Lawyer Referral Services. A list
of these numbers is also provided.
DATED:  July 2, 2007
                         DONALD F. PHELAN
                         Clerk of the Superior Court
Name of defendant to be served:  Paterson Community Health Center
Address:  32 Clinton Street, Paterson NJ

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHO
77 HAMILTON STREET
PATERSON        NJ 07505

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 247-8183
COURT HOURS

                        DATE:   JUNE 21, 2007
                        RE:     DAIS VS PATERSON COMMUNITY HEALTH CENTER
                        DOCKET: PAS L -002613 07

    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

    DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON RONALD B. SOKALSKI

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (973) 247-8196.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                                    ATT: ROBERT HICKS
                                    JAVERBAUM WURGAPT HICKS K W &S
                                    959 S SPRINGFIELD AVENUE
                                    SPRINGFIELD      NJ 07081

JURVEC0