

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

October 18, 2010

Mr. Robert G. Hicks
Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom & Sinins
959 South Springfield Avenue
Springfield, NJ 07081
*Attorney for Plaintiffs*

Mr. Paul Fishman
United States Attorney
Ms. Susan Handler-Menahem
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorney for Defendant, Paterson Community Health Center and United States*

Mr. James B. Sharp
James B. Sharp & Associates, LLC
4 Campus Drive
Parsippany, NJ 07054
*Former Attorneys for Defendant, Dr. Gurmit Chilana, M.D.*

Mr. Craig S. Combs
Giblin & Combs
10 Madison Avenue, Suite 9
Morristown, NJ 07962
*Former Attorneys for Defendant, Paterson Community Health Center*

    Re:   *Dais, et al v. Paterson Community Health Center, et al*
             Case No. 2:10-cv-04099-WJM-MF

Dear Litigants:

This matter comes before the Court on two separate motions: (1) Defendant, United States', motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and (2) Plaintiffs' motion to remand for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). There was no oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, the Court agrees that Plaintiffs failed to exhaust their administrative remedies so the complaint should be dismissed as to Paterson Community Health Center, but it should be dismissed without prejudice. The Court also respects the parties' decision to remand the case against Dr. Gurmit Chilana. Accordingly, the Plaintiffs' and Defendant's motions are both **granted** in part and **denied** in part.

## BACKGROUND

On June 21, 2007, Plaintiffs, Markeith Dais and Michelle Dais-Harvey, originally filed a medical malpractice action in the Superior Court of New Jersey against the Paterson Community Health Center ("PCHC"), Dr. Gurmit Chilana and Dr. Vincent Short, among others. In the complaint, Michelle Dais-Harvey contends that she was deprived of appropriate medical treatment and on or about July 12, 1995, gave birth to the infant Plaintiff, Markeith Dais, with multiple disabilities, which caused her to incur medical expenses and damages. The action was removed to this Court on August 10, 2010 based upon the Certification by the United States Attorney's designee that PCHC was acting within the scope of federal employment. See Notice of Removal, Docket entry no. 1 and Certification of Scope, Docket entry no. 1. Pursuant to the Federal Tort Claims Act ("FTCA"), the United States was deemed substituted as the party-defendant in place of PCHC and a Notice of Substitution has been filed. 28 U.S.C. §2678(d)(1). See Notice of Substitution, Docket entry no. 2.

The Defendant, United States, now brings this motion to dismiss without any relief granted to the Plaintiffs under Rule 12(b)(1) for failure to exhaust administrative remedies before filing suit as required under the FTCA. Defendant argues that the dismissal should be without relief because it contends that Plaintiffs' request is premature and this court lacks jurisdiction to grant such relief. Plaintiffs agree that the complaint against PCHC should be dismissed, but they contend that it should be dismissed without prejudice and equitable tolling should be found to permit Plaintiffs to file a notice of claim *nunc pro tunc*. Additionally, Plaintiffs now bring this motion to remand Dr. Chilana's case back to the Superior Court of New Jersey, Law Division, Passaic County because this lawsuit does not involve a federal question and they contend that Dr. Chilana did not satisfy the requirements to be treated as a federal employee that is immune from suit under the FTCA. Accordingly, Plaintiffs argue Dr. Chilana's case should not be dismissed but it should be remanded pursuant to 28 U.S.C. §1447(c) since there is no federal jurisdiction to hear this case. Defendant agrees. Therefore, the issues are as follows: (1) whether Defendant's motion to dismiss against PCHC and the United States should be granted for Plaintiffs' failure to

exhaust their administrative remedies; (2) whether Plaintiffs' complaint should be entitled to equitable tolling and dismissed without prejudice; (3) whether Dr. Chilana should be treated as a federal employee under the FTCA so that his case should be dismissed instead of remanded. These issues will be addressed in turn.

## ANALYSIS

The FTCA provides in pertinent part that "an action shall not be instituted upon a claim against the United States…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). Under 28 U.S.C.S. 2679(5), whenever an action or proceeding in which the United States is substituted as the party defendant is dismissed for failure to first present a claim to an administrative agency, such a claim shall be deemed to be timely presented if the claim would have been timely if filed to an appropriate agency and the claim is presented to that agency within 60 days after dismissal of the civil action.

Additionally, under 28 U.S.C. § 1447(c), a case should be remanded if the District Court lacks subject matter jurisdiction.  The burden is on removing party to show the case belongs in federal court.  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Removal statutes should be "'strictly construed against removal and all doubts . . . resolved in favor of remand.'"  *Boyer*, 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987)).

### A. Defendant's Argument that Plaintiffs Failed to Exhaust Administrative Remedies

The Defendant successfully demonstrated that Plaintiffs' complaint is barred against PCHC and with the United States being substituted as a party defendant as a result of Plaintiffs failure to exhaust their administrative remedies. Plaintiffs' action against the United States may only be brought pursuant to the FTCA, 28 U.S.C. §§2671-80, which "subjects the United States to tort liability for negligence." The FTCA constitutes a limited, conditional waiver of sovereign immunity from the United States. *Miller v. Philadelphia Geriatric Ctr.*, 463 F. 3d 266, 270 (3d Cir. 2006).

Pursuant to the FTCA, the United States consents to be sued only *after* the injured party has presented his or her administrative claim to the appropriate federal agency, and the agency has had an opportunity to resolve the claim. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). Because the FTCA constitutes a waiver of sovereign immunity, the FTCA's established procedures and such consent have been narrowly construed. *Livera v. First National State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989), *United States v. Nordic Village*,

112 U.S. 206 (1992).

The FTCA provides in pertinent part that "an action shall not be instituted upon a claim against the United States…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a).

Here, the Department of Health and Human Services ("HHS") oversees programs for federally supported health centers under the Federally Funded Health Centers Assistance Act, 42 U.S.C. §§ 233 *et seq*. Accordingly, the HHS is the appropriate agency to which the plaintiffs' must present their administrative medical malpractice tort claim. A review of the records of the HHS reveals that the Plaintiffs never filed an administrative claim with them as required before filing this suit. (Torres Decl. ¶4). As a result, this Court lacks jurisdiction because the plaintiffs did not first present a claim to HHS for its determination. The Plaintiffs do not object. As such, Defendant's motion to dismiss the case against Paterson Community Health Center and the United States as their substituted party defendant is granted under 12(b)(1).

> **B.     Plaintiffs' Argument that Dismissal of Plaintiffs' Complaint Should be Without Prejudice and Equitable Tolling Should be Found to Permit Plaintiffs to File Notice of the Claim *Nunc Pro Tunc***

The FTCA's statute of limitations should be equitably tolled pursuant to *Santos v. United States*, 559 F. 3d 189, 197 (3d Cir. 2009). The FTCA provides that a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. 28 U.S.C. § 2675. The First Circuit has held that a claim accrues under the FTCA "when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action." Furthermore, "[t]he test for whether a plaintiff should have discovered necessary facts is an objective one." A determination as to when a cause of action accrues under this "discovery rule" involves a two-step inquiry. *Patterson v. United States*, 372 F. Supp.2d 195, 200 (D. Mass 2005).

First, this court must determine "whether sufficient facts were available to provoke a reasonable person in the plaintiff's circumstances to inquire or investigate further" with respect to the factual basis for the cause of action. Once this duty to investigate is established, the plaintiff is deemed to have knowledge of what she would have discovered through a reasonably diligent investigation. Second, this court must determine "whether the plaintiff, if armed with the results of that investigation, would know enough to permit a reasonable person to believe that she had been injured <u>and that there is a causal connection between the government and her injury</u>." *Id*. (*Emphasis added*).

4

The Third Circuit has specifically held that, under certain circumstances, the FTCA statute of limitations may be equitably tolled. *Santos v. United States*, 559 F. 3d 189, 197 (3d Cir. 2009). "This occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) <u>where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum</u>." *Hedges v. United States*, 404 F. 3d 744, 751 (3d Cir. 2005)(*internal citations omitted*); *School Dist. V. Marshall*, 657 F.2d 16, 19-20 (3d Cir. 1981) (*internal citations omitted*). The plaintiff, however, will not receive the benefit of equitable tolling unless she has exercised due diligence in pursuing and preserving her claim. *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990).

In this case, Plaintiffs' claim had not accrued under the FTCA because, despite having conducted a reasonably diligent investigation, Plaintiffs were not aware that there was a causal connection between the government and their injury. There was no evidence at the PCHC that would alert Plaintiffs to the possibility that the federal notice requirements must be observed. Indeed, when Plaintiff's prenatal care began, PCHC was not yet a Federally Qualified Heath Center under 42 U.S.C. §233.

Here, Plaintiffs' counsel vigorously investigated Plaintiffs' claim. Counsel determined the negligent health care providers, corresponded with the PCHC, obtained Plaintiffs' medical records, retained the services of three experts who prepared reports in anticipation of trial, and most importantly, pursued a claim in state court against the Defendant for over three years. Plaintiffs' counsel filed a timely Complaint and vigorously prosecuted the case, including: exchanging discovery with Defendants, taking the deposition of six Defendants, taking the depositions of two defense experts, producing Plaintiff for deposition, filing several motions, responding to motions, attending case management conferences, etc.  It can be inferred that Plaintiffs' counsel exercised due diligence in asserting Plaintiffs' rights but mistakenly did so in the wrong forum. Thus, the statute of limitations for this claim should be equitably tolled.

Furthermore, 28 U.S.C.S. §2679 states in relevant part: "(5) Whenever an action or proceeding in which the United States is substituted as a party defendant under this subsection is dismissed for failure to present a claim pursuant to section 2675(a) of this title [28 U.S.C.S. §2675(a)], such a claim shall be deemed to be timely presented under section 2401(b) of this title [28 U.S.C.S. §2401(b)] if – (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action. Thus, even though there is a two year statute of limitations to file a claim, if a plaintiffs' case is dismissed without prejudice because of a failure to exhaust administrative remedies, he or she may file an administrative claim within 60 days of dismissal. 28 U.S.C.S. §2679(d)(5)(A)-(B). The requirement that an

administrative claim first be presented to the agency is jurisdictional and cannot be waived. *Lightfoot v. United States*, 564 F. 3d 625, 626-27 (3d Cir. 2009). However, Plaintiffs still have an option of filing an administrative claim with HHS within 60 days of this dismissal under 28 U.S.C.S. §2679(5).

As such, Plaintiffs' motion to toll the statute of limitations be granted under 28 U.S.C.S. §2679(d)(5)(A)-(B) and Plaintiffs have an option of filing an administrative claim against PCHC with HHS within 60 days.

### C. Plaintiffs' Argument that Defendant, Dr. Gurmit Chilana, M.D., Does Not Meet Requirements to be Treated as a Federal Employee, thus the Case Against Him Should be Remanded

Plaintiffs contend that Defendant, Dr. Gurmit Chilana, does not meet the requirements to be treated as a federal employee under the FTCA, and therefore, the case against Dr. Chilana should not be dismissed but should be remanded to the Superior Court of New Jersey. Plaintiffs have two arguments for their motion to remand: 1) Dr. Chilana did not act within the scope of federal employment as he is a part-time employee, and 2) Dr. Chilana has medical malpractice insurance.

Pursuant to 42 U.S.C. § 233, Federally Qualified Health Centers ("FQHCs") are deemed to be "federal employees" and accordingly, patients asserting medical malpractice claims against FQHCs must comply with the provisions of the FTCA. 28 U.S.C. §§ 2671-80. Certain officers and employees of FQHCs are also entitled to the protections afforded to federal employees under the FTCA. Specifically, 42 U.S.C. § 233(g)(1)(A), "any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service." (*Emphasis added*). The individual physician will be deemed a federal employee where, "(A) the individual normally performs on average at least 32 ½ hours of service per week for the entity for the period of the contract; or (B) in the case of an individual who normally performs an average of less than 32 ½ hours of services per week for the entity for the period of the contract, the individual is a licensed or certified provider of services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology."

Defendant, Dr. Chilana, has testified under oath that he worked part-time for Paterson Community Health Center. *See Exhibit B of Declaration of Robert G. Hicks, Esq. In Support of Plaintiffs' Motion to Remand at P12L25 and P19L5*. He works there as an obstetrician. Thus, he meets the definition under U.S.C. § 233(g)(1)(A) to be afforded the protections of a federal employee.

Additionally, 42 U.S.C.S. 233(g) provides in part: "(2) If, with respect to an entity or person deemed to be an employee for purposes of paragraph (1), a cause of action is instituted against the United States pursuant to this section, any claim of the entity or person for benefits under an insurance policy with respect to medical malpractice relating to such cause of action shall be subrogated to the United States. (3) This subsection shall apply with respect to a cause of action arising from an act or omission which occurs on or after January 1, 1993. (4) An entity described in this paragraph is a public or nonprofit private entity receiving Federal funds under any of the following grant programs: …(B) Section 254c of this title, relating to grants for community health centers." Dr. Chilana was covered for the malpractice claims asserted against him by the Plaintiffs. *See Exhibit E of Declaration of Robert G. Hicks, Esq. In Support of Plaintiffs' Motion to Remand.* Although, Dr. Chilana is insured, his acts occurred on or about July 12, 1995 and shall be subrogated to the United States.

Although Dr. Chilana does meet the requirements to be treated as a federal employee under 42 U.S.C. § 233, both Plaintiffs' and Defendant are in agreement to remand the case against Dr. Chilana. The United States is no longer substituted as the party defendant in place of Dr. Gurmit Chilana, M.D. Furthermore, the United States withdraws the Certification of Scope of Federal Employment regarding Dr. Gurmit Chilana previously filed in this matter. Therefore, Plaintiffs' motion to remand the case against Dr. Chilana under 42 U.S.C. § 233 is granted.

## CONCLUSION

For the reasons stated above, the Court shall **DISMISS** this action against Paterson Community Health Center and the United States as their substituted party defendant **WITHOUT PREJUDICE** and **REMAND** the case against Dr. Gurmit Chilana to the Superior Court of New Jersey.  An appropriate order follows.


  /s/William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**