

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

**LETTER OPINION**

April 18, 2011

Robert G. Hicks
Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom & Sinnis
959 South Springfield Avenue
Springfield, NJ 07081
    *(Attorney for Plaintiffs)*

Paul J. Fishman
Susan Handler-Menahem
Office of the U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    *(Attorney for Defendants*)

    Re:    **Dais, et al. v. Paterson Community Health Center, et al.**
               **Civ No. 10-04099 (WJM-MF)**

Dear Counsel:

    This matter comes before the Court on Defendant United States' motion to alter or amend the Court's October 21, 2010 Order pursuant to Federal Rule of Civil Procedure 59(e).  There was no oral argument.  Fed. R. Civ. P. 78(b).  After careful consideration of the parties' submissions, the Court agrees with Defendant that it erred in finding equitable tolling at this time.  Accordingly, the Defendant's motion is **GRANTED** and the Court's October 21, 2010 Order is **VACATED IN PART.**

**I.    BACKGROUND**

On June 21, 2007, Plaintiffs, Markeith Dais and Michelle Dais-Harvey, filed this medical malpractice action in the Superior Court of New Jersey against the Paterson Community Health Center ("PCHC"), Dr. Gurmit Chilana and Dr. Vincent Short, among others. Plaintiff Michelle Dais-Harvey contends that she was deprived of appropriate medical treatment during her pregnancy and that as a result, her child was born with multiple disabilities on or about July 12, 1994. (Compl. ¶ 7.) Based upon the Certification by the United States Attorney's designee that PCHC was acting within the scope of federal employment, the case was removed to this Court and the United States was substituted as the party-defendant in place of PCHC on August 10, 2010. (Docket Entry Nos. 1, 2.)

The United States moved to dismiss the complaint under Rule 12(b)(1) for failure to exhaust administrative remedies before filing suit as required under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2675(c). Plaintiffs conceded that no administrative claim had been filed and did not oppose on that basis. (Pls.' Opp. Br., Docket Entry No. 15, at 2.) Additionally, Plaintiffs filed a Cross-Motion arguing that any dismissal should be without prejudice, and that the doctrine of equitable tolling should permit Plaintiffs to file their Notice of Claim with the Department of Health and Human Services ("HHS") *nunc pro tunc*.[1] (Docket Entry No. 7.) On October 21, 2010, the Court issued a Letter Opinion granting Defendant's motion to dismiss under Rule 12(b)(1) and finding that since Plaintiffs failed to first present the claim to HHS, the Court lacked subject matter jurisdiction. (Letter Op. at 4.) In determining that dismissal should be without prejudice, the Court further held that the FTCA statute of limitation is equitably tolled under 28 U.S.C. § 2679(d)(5)(A)-(B). (Letter Op. at 5-6.) Defendant United States now moves to vacate the portion of the Court's October 21, 2010 Order permitting the filing of an administrative claim and the finding that equitable tolling permits the filing of the notice of claim *nunc pro tunc*.

## II.   DISCUSSION

### A.   Standard of Review

---

[1] Plaintiffs also moved to remand the action against Dr. Chilana, which the Court granted. (Oct. 18 Letter Op. at 7.) That portion of the Court's ruling is not challenged in the present motion.

While the United States describes its motion as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), in this district Local Civil Rule 7.1(i) creates a specific procedure by which a party may request that the Court take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *See generally Dunn v. Reed Group*, Civ. No. 08-1632, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010) (citing treatise). Thus, Local Civil Rule 7.1(i), not Federal Rule of Civil Procedure 59(e), governs motions for reconsideration filed in the District of New Jersey. *Byrne v. Calastro*, Civ No. 05-68, 2006 U.S. Dist. LEXIS 64054 (D.N.J. Aug. 28, 2006). A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999). A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument." (citing *Bermingham v. Sony Corp.*, 820 F. Supp. 834, 859 n. 8 (D.N.J. 1992), *aff'd*, 37 F. 3d 1485 (3d Cir. 1994))). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

      **B.**    **Whether this Court had Jurisdiction to Find Equitable Tolling**

Defendant United States urges the Court to reconsider its decision to address the equitable tolling issue after holding that, pursuant to the FTCA, it lacked jurisdiction over the matter. Specifically, Defendant alleges that (1) once the Court found it lacked subject matter jurisdiction, the inquiry should have ended there, and (2) the issue of equitable tolling was not yet ripe for adjudication.

Federal Courts are courts of limited jurisdiction, and courts bear an obligation to assure that jurisdiction is proper. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012 (1998); *Kokonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1944); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Additionally, the jurisdiction of federal courts is limited to actual cases and controversies. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37 (1976). In this case, in determining whether to dismiss Plaintiffs' complaint without prejudice, the Court mistakenly went beyond these jurisdictional boundaries. Since Plaintiffs' complaint was dismissed due to Plaintiffs' failure to file an administrative claim prior to filing suit, the issue of whether such an administrative claim would be timely should Plaintiffs now choose to file one is not yet at issue. Should Plaintiffs decide to file an administrative claim and then decide to file suit, and should the United States then contest the timing of such a claim, only then will the Court properly address the timeliness of the Plaintiffs' administrative claim. The Court overlooked this distinction and erred in addressing the equitable tolling issue while determining that the complaint should be dismissed without prejudice. Instead, the Court's inquiry should have ended once the decision to dismiss without prejudice had been reached. Therefore, any findings made in the October 21, 2010 Letter Opinion, beyond the finding that Plaintiffs' complaint should be dismissed without prejudice pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies, should be disregarded. Additionally, the portions of the October 21, 2010 Order permitting Plaintiffs to file an administrative claim with HHS within 60 days and permitting Plaintiffs to file their notice of claim *nunc pro tunc* are vacated.

### III.   CONCLUSION

For the foregoing reasons, the motion for reconsideration filed by Defendant, the United States, is **GRANTED**. An Order follows this Letter Opinion.

 s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**